144 So. 838

## WISE v. STATE.
4 Div. 937.

Court of Appeals of Alabama.
Nov. 29, 1932.

See, also, 24 Ala. App. 538, 137 So. 679.

E. W. Norton, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

In this case, as in all criminal prosecutions, the accused was called upon to answer only the charge contained in the indictment, which in this case charged that he "did have quail in his possession for more than five days after the close of the season for killing same."

We are here called upon for an interpretation of the language used in the indictment, which follows the language of the statute (Code 1923, § 4196). In thus deciding this question, we are not at liberty to add to, or take from, change, or alter, the allegations of the indictment or the statute upon which it is based, which statute must be given a strict construction. We are clear of the opinion that the words "for more than five days" means for a longer time than five days, and, this being true, the prosecution in this case must fall under the undisputed evidence adduced upon the trial in the court below which tended to show only that the defendant had possession of one quail for one day or a part of a day only. At the conclusion of the state's case, the defendant moved the court to exclude the evidence upon the grounds: (1) "The State had failed by its testimony to make out a case against the defendant under count two of the indictment," upon which count he was put to trial; and, (2) the state by its evidence had failed to prove the allegations of count two of the indictment. The foregoing motion should have been sustained under the undisputed evidence in this case, and in overruling the motion the court erred to a reversal. The court likewise committed error in giving the affirmative charge for the state.

Numerous other insistences of error are presented, but need not be discussed, as what has been said is conclusive of this appeal.

As the statute (Code 1923, § 6149) provides, we here render a judgment that the court below should have rendered, and the defendant is hereby discharged from further proceedings in this case.

The judgment of conviction from which this appeal was taken is reversed, and the defendant discharged.

Reversed and rendered.